UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN L. GRIFFIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DENISE MATHRE CHIROPRACTIC CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-02675-DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS TO REMAND TO STATE COURT<br><br>(ECF Nos. 1, 2, 4) |

Defendant Denise P. Mathre is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Defendant's IFP application be denied, this action be remanded back to state court, and Plaintiff Karen L. Griffin's motion to strike, or in the alternative, motion to remand be denied as moot.

I.     **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(a). *See* 12/08/2025 Order (ECF No. 7).

1

therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

     Here, Defendant's IFP application is incomplete. *See* ECF No. 2. Defendant has failed to answer questions related to Defendant's "other income" and assets. *Id*. at 1 ¶3, 2 ¶ 5. Accordingly, Defendant has not made the required showing under 28 U.S.C. § 1915(a). Further, the Court will recommend Defendant's IFP application be denied because there is no basis for federal jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint and Defendant's notice of removal that there is no basis for federal

jurisdiction as discussed in more detail below, the Court recommends Defendant's IFP motion be denied.

## II.     SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

## III.     REMOVAL AND REMAND

28 U.S.C. § 1441(a) states ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co*., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 790 (9th Cir. 2018) ("[S]ubject matter jurisdiction is the touchstone for a district court's authority to remand *sua sponte*.").

## IV.     DISCUSSION

This case was removed to federal court on September 17, 2025 by Defendant, who proceeds without counsel. Removal (ECF No. 1). Plaintiff's Complaint (ECF No. 1 at

3

7-14) indicates the Court does not have subject matter jurisdiction, requiring remand. *See* 28 U.S.C. § 1447(c).

### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

First, the Complaint does not establish the Court's subject matter jurisdiction. *See* Compl. (ECF No. 1 at 7-14). Plaintiff raises the following ten (10) state law claims: (1) retaliation pursuant to Cal. Labor Code § 230; (2) retaliation pursuant to Cal. Labor Code § 6310; (3) retaliation pursuant to Cal. Labor Code § 6311; (4) retaliation pursuant to Cal. Labor Code § 1102.5; (5) wrongful termination pursuant to Cal. Labor Code §§ 230, 631, 6310, 1102.5; (6) failure to provide rest breaks pursuant to Cal. Labor Code § 226.7; (7) failure to provide meal periods pursuant to Cal. Labor Code §§ 226.7, 512; (8) failure to provide accurate wage statements pursuant to Cal. Labor Code § 226(a); (9) failure to pay all wages due upon separation pursuant to Cal. Labor Code § 201; and (10) unlawful business practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* Compl. ¶¶ 11-30. In Defendant's notice of removal, Defendant asserts the basis for

removal is federal question. Removal at 1 ("Plaintiff alleges claims arising under federal law, including [insert applicable federal statutes, e.g., Title VII, ADA, FMLA], which confer original jurisdiction upon the federal court."). However, it is clear from review of the Complaint, there is no federal question asserted in the Complaint. *See Vaden v. Discover Bank*, 556 U.S. 49, 59-62 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.").

Second, complete diversity of the parties is lacking here. *See* 28 U.S.C. § 1332. According to the allegations in the Complaint, Plaintiff is a resident of California. Compl. ¶ 1. Defendants Denise Mathre and Denise Mathre Chiropractic Corporation DBA Achieving Balance Chiropractic are all residents of California. *Id*. ¶¶ 2-3. Thus, this case must be remanded back to the Amador County Superior Court for lack of subject matter jurisdiction. *See Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022) (noting the district court may issue orders '"without notice where lack of jurisdiction appears on the face of the complaint and is obviously not curable").

**B.     Plaintiff's Motion to Strike**

On October 17, 2025, Plaintiff filed a motion to strike, or in the alternative, motion to remand, which was referred to the undersigned by the assigned district judge. *See* ECF No. 4; 12/08/2025 Order. Because the Court recommends this action be remanded to state court for lack of jurisdiction, the Court recommends Plaintiff's motion be denied as moot.

**V.    CONCLUSION**

Based upon the findings above, it is RECOMMENDED that:

1.     Defendant's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2.     This action be REMANDED to Amador County Superior Court;

3.     Plaintiff's Motion to Strike (ECF No. 4) be DENIED as moot; and

4.     The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 5, 2026

/s/ Chi Soo Kim
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, grif2675.25